**In re Marriage of Gertharene SAIN, Plaintiff-Respondent,**

v.

**Charles SAIN, Defendant-Appellant.**

**No. 45174.**

Missouri Court of Appeals,
Eastern District,
Division Six.

March 20, 1984.

Charles E. Kirksey, Jr., St. Louis, for defendant-appellant.

Forriss D. Elliott, St. Louis, for plaintiff-respondent.

CLEMENS, Senior Judge.

Appellant-husband appeals the denial of his motion to set aside a previous decree of dissolution. The trial court's denial was based on husband's failure to duly prosecute his motion to set aside.

The trial court had granted wife's petition for dissolution on October 16, 1981, awarding her child support and maintenance. Four days later husband by counsel moved to set aside the decree. This motion was set for hearing at 11:30 a.m. on November 16, 1981. At the scheduled time defense counsel was not present and the court denied husband's motion. Husband's counsel now contends he was then engaged in a court hearing elsewhere. When defense counsel finally arrived at 12:30 the court gave him the opportunity to get the parties into court but counsel could not locate defendant-husband. He now complains of the denial of his motion to set aside the decree.

Husband here contends the trial court abused its discretion, citing *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446[1, 2] (Mo. banc 1976). We find that case refutes husband's contention. It upheld the ruling of our court in *James v. Turilli*, 473 S.W.2d 757[15] (Mo.App.1971) holding:

"Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable men can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion."

We hold the trial court here did not abuse its discretion in denying husband's motion.

Affirmed.

KELLY, P.J., and KAROHL, J., concur.